The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: March 4 2025

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 23-32252 |
| | ) | |
| Steven N. Warren, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 24-03005 |
| | ) | |
| Jennifer Ann Stewart, | ) | Judge John P. Gustafson |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Steven N. Warren, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING

This cause comes before the court on Defendant Steven N. Warren's ("Defendant" or "Debtor") "Motion to Dismiss Adversary Proceeding" [Doc. #31] ("Motion"). Plaintiff Jennifer Ann Stewart ("Plaintiff") filed a "Memorandum in Opposition to *Motion to Dismiss*" ("Response"). [Doc. #32]. No Reply was filed by, or on behalf, of the Debtor.

Plaintiff's Complaint seeks a determination that a debt is owed by Defendant-Debtor Steven N. Warren, her ex-husband, and asserts that it should be held nondischargeable in his chapter 7 case under 11 U.S.C. §§523(a)(5) or (a)(15). For the reasons below, Defendant's Motion to Dismiss the Complaint is denied.

## JURISDICTION AND VENUE

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. The Chapter 7 case and all proceedings in it arising under Title 11, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. §157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. §157(b)(2)(I) and (J). Venue is proper under 28 U.S.C. §1409(a).

## BACKGROUND

According to the allegations in Plaintiff's Complaint,[1] Defendant and Plaintiff "were married in Fort Erie, Ontario on November 12, 2016." [Doc. #1, p. 9, ¶40]. To facilitate his wife's entry into the U.S., on April 9, 2021 Defendant signed an affidavit required under Section 213A of the Immigration and Naturalization Act, Form I-864 ("Affidavit of Support"). [Doc. #1-1, Exhibit 1]. Plaintiff alleges that this Affidavit of Support constituted a binding contract obligating the Defendant to maintain the Plaintiff's income at no less than 125% of the Federal Poverty Guidelines for her household. [Doc. #1, p.2, ¶5, p.5, ¶20; p.8, ¶38]. The Affidavit of Support's purpose is alleged to be to prevent the person immigrating from becoming a "public charge." [*Id.*, p.5, ¶¶15-17]. Without the Affidavit of Support, the Defendant could not have legally brought his spouse into the U.S. [*Id.*, p.5, ¶¶15-19].

Plaintiff became a resident on November 2, 2021, and continues to maintain that status. [*Id.*, p. 11, ¶55]. On September 17, 2022, the parties separated. [*Id.*, p. 11, ¶58]. On October 3,

---

1/ This background constitutes a summary of the factual allegations drawn from Plaintiff's Complaint, construed in the light most favorable to Plaintiff, accepting all well-pleaded factual allegations as true, and drawing all reasonable inferences in the Plaintiff's favor. *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020). The court makes no binding findings of fact here, as resolving any factual disputes would be inappropriate at this stage in the litigation. Additionally, this court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," such as the contents of its case docket and Debtors' schedules. *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 830 F.3d 376, 383 (6th Cir. 2016)(quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)); Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *Job v. Calder* (*In re Calder*), 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979)(stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

2022, Plaintiff filed a Complaint for Divorce in the Court of Common Pleas for Wood County, Ohio (cause number 2022DR0110). [*Id.*, p. 12, ℙ70]. While this case was pending, Plaintiff filed a *Complaint for Breach of the U.S. Citizenship and Immigration Services Form I-864* on August 23, 2023, in the United States District Court for the Northern District of Ohio. [Doc. #1, p. 13, ℙ72].

The divorce case proceeded to trial in front of a magistrate of the Wood County Court of Common Pleas ("Family Court"), finally resulting in a Judgment Entry of divorce journalized on December 11, 2023. *[Id.*, p. 13, ℙ76 & Exhibit 9].

The Family Court's Judgment Entry stated:

> 30. The Plaintiff is requesting a spousal support award of $1500 per month for a period of two years.
>
> 31. There are no temporary orders for spousal support in this matter.
>
> 32. The Defendant has assumed and paid for all the parties' marital debts during the pendency of this matter.
>
> 33. The Plaintiff has filed a lawsuit in Federal Court to enforce the parties' immigration contract and testified that any spousal support award herein would be reduced from the immigration contract award. 34. Pursuant to ORC 3105.18(B), the Magistrate finds that Plaintiff has requested an award of spousal support in her Complaint for Divorce.

Doc. #1, Exhibit 9, p. 5, ℙℙ30-34.

Defendant points to this portion of the Judgment Entry of divorce to support his Motion to Dismiss:

> 10. There shall be no spousal support obligation in this matter by either party and this provision is nonmodifiable and not subject to the continuing jurisdiction of the court.

Doc. #1, Exhibit 9, p. 9, ℙ10.

However, in the Judgment Entry, the Family Court also found:

> 36. The Magistrate finds that there is pending litigation in Federal Court as to the Defendant's contractual obligation under federal law regarding the terms contained in the affidavit of support; there was no evidence submitted as to said Affidavit or the substance and status of the pending litigation.

> 37. After consideration of all applicable factors set forth in RC 3105.18(C)(1), the Magistrate finds that an award of spousal support in the instant matter could be appropriate, however, the pending litigation in Federal Court is the more appropriate forum to determine the Defendant's contractual obligation of support to Plaintiff.

[*Id.*, Ex. 9, p. 7, ¶36 & ¶37].

All of these Magistrate findings were incorporated in the Family Court's final Judgment Entry.

On December 19, 2023, Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. [Doc. #1, Case No. 23-32252]. Subsequently, Plaintiff initiated this Adversary Proceeding by filing the above captioned Complaint, which requests a judgment against the Defendant for Breach of Contract, an award of actual damages based on the baseline of 125% of the poverty guidelines for a single household, from the date of separation to the judgment, and a declaration that the Plaintiff is entitled to continued financial support from the Defendant at the same rate, minus actual income, until a Terminating Event[2] occurs. Additionally, the Plaintiff requests an order requiring Defendant to make monthly payments of the specified amount by the fifth day of each month to Plaintiff's law firm trust fund, an award of attorney fees and costs, and the right to amend the Complaint based on trial evidence.

Plaintiff's Complaint also seeks an order of nondischargeability under 11 U.S.C. §§523(a)(5) and (a)(15). [Doc. #1, p. 2].

On June 6, 2024, Defendant answered the Complaint and asserted four separate affirmative defenses:

> 24. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.
>
> 25. The Plaintiff waived any claim to spousal support by not objecting to the Magistrate's Decision in the divorce action thereby allowing to stand the Magistrate's Decision rendering $0 spousal support.
>
> 26. The alleged "debt" to the Plaintiff is not in the nature of a Domestic

---

2/ Plaintiff uses the term "Terminating Events" "to refer collectively to the legal events that conclude the sponsor's obligations under the Affidavit." [Doc. #1, p. 7-8, ¶¶31-36]. These events include: Plaintiff becoming a U.S. citizen; working or receiving credit for 40 quarters under the Social Security Act; no longer being a permanent resident and departing the U.S.; being subject to an order of removal but obtaining a new grant of adjustment of status through a new affidavit of support in removal proceedings; or Plaintiff's death. [*Id.*].

Support Obligation.

27. The Plaintiff is not a "public charge" invoking the statutes in the Plaintiff's Complaint.

[Doc. #27].

On July 27, 2024, Defendant filed his Motion seeking dismissal of the Complaint. [Doc. #31]. The Motion argues that the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for two reasons: (1) "[t]he Affidavit has not been established as a DSO as required by the plain language of 11 USC 101(14A)(c)(i), (ii) or (iii)," and (2) "the doctrine of res judicata bars the Plaintiff's claims." [*Id.*, p. 4].

On July 30, 2024, Plaintiff filed a Response arguing that (1) Defendant's Motion is untimely because "the Debtor was ordered to file any motion to dismiss no later than July 26, 2024," yet "[l]ate in the evening of Saturday, July 27th, the Debtor filed an untimely motion to dismiss." [Doc. #32, p. 6]; (2) The debt under the Affidavit of Support is "in the nature" of "alimony, maintenance, or support" regardless of its label or the Family Court's lack of a specific spousal support order. [*Id.* pp. 6-12]; (3) That it is irrelevant that the Family Court did not award alimony because its decision expressly deferred to the pending federal district court case on the debt at issue; [*Id.*, pp. 12-13]; (4) "The doctrine of res judicata is inapplicable [because (A)] alimony adjudications cannot defeat federal support rights under the Affidavit of Support, and [(B)] on the facts of the case, because . . . the family law court expressly declined to rule on the Affidavit claim, and expressly preserved the issue for federal court." [*Id.*, pp. 14-16]; (5) Because the Defendant addressed only two claims in his Motion, the remaining affirmative defenses not addressed — "failure to state a claim and that the Creditor is not a public charge" — should be considered abandoned. [*Id.*, pp. 16-18]; and (6): The Plaintiff has established an alternative theory that the debt constitutes a DSO under 523(a)(15), and since "the Debtor has neither challenged this theory in his Answer nor via the motion at bar, and his deadline for asserting any facial challenge to the Complaint has expired." *[Id., pp. 18-19]*.

## LAW AND ANALYSIS

**I. Legal Standards.**

A. Rule 12(b).

A motion brought by a defendant to dismiss an adversary proceeding is governed by

5

Federal Rule of Civil Procedure 12(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b)[3]. Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.

On June 6, 2024, Defendant filed an Answer to the Complaint. [Doc. #27].

On July 27, 2024, Defendants filed the Motion challenging Defendant's Complaint for failing to state a claim upon which relief can be granted, and the court's subject-matter jurisdiction. [Doc. #31]. A Rule 12(b) motion must be made before any responsive pleading is filed. Thus, Plaintiff asserts that Defendant's Motion under Rule 12(b)(6) was late filed.

However, a party does not waive a defense based on subject-matter jurisdiction by failing to raise it by motion before filing a responsive pleading. The procedural basis for an examination of this court's subject-matter jurisdiction is its authority under Federal Rule of Bankruptcy Procedure 7012(b), making Fed. R. Civ. P. 12(h)(3) applicable in adversary proceedings. Rule 12(h)(3) authorizes the court to dismiss an action "at any time" for lack of subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

B. *Res Judicata*

Challenges to subject-matter jurisdiction "come in two varieties: a facial attack or a factual attack." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)(quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). A "facial attack" on subject-matter jurisdiction "questions merely the sufficiency of the pleading," *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)), in which case all allegations in a complaint must be considered as true. *Id.*; *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007)(citation omitted). A "factual attack," on the other hand, places the "factual basis for jurisdiction" at issue, "in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Abbott*, 474 F.3d at 328 (citation omitted).

In this case, by asserting that this court lacks subject-matter jurisdiction based upon *res*

---

3/ Federal Rule of Bankruptcy Procedure 7012(b) makes Federal Rules of Civil Procedure 12(b)-(i) applicable in bankruptcy adversary cases.

24-03005-jpg    Doc 33    FILED 03/04/25    ENTERED 03/04/25 15:25:10    Page 6 of 16

*judicata*,[4] Defendant's Motion is a "facial attack" on Plaintiff's jurisdictional claim.[5] *See, Reguli v. Guffee*, 371 F. App'x 590, 595 (6th Cir. 2010). Accordingly, a court is bound to consider the challenge to subject-matter jurisdiction under Rule 12(h)(3) as a preliminary matter, "since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Defendant's Motion to Dismiss is largely based on the State Court's Judgment Entry stating: "10. There shall be no spousal support obligation in this matter by either party and this provision is nonmodifiable and not subject to the continuing jurisdiction of the court." [Doc. #1-9, p. 9, ¶10]. From this provision of the Judgment Entry, Defendant argues that the obligations set forth in the Affidavit of Support are not "established pursuant to a separation agreement, divorce decree or property settlement or by any court of record." [Doc. #31, p. 4]. Therefore, Defendant argues, the obligations under the Affidavit of Support cannot be nondischargeable under 11 U.S.C. §§523(a)(5) or 523(a)(15). [*Id.*] Plaintiff did not appeal the State Court Judgment Entry, therefore the Defendant argues he is entitled to dismissal of the non-dischargeability Complaint, because it is entitled to be given "full faith and credit" by this court, and Plaintiff's assertion that monies are owed under the Affidavit of Support are barred by *res judicata*. [Doc. #31, pp. 4-5].

However, as will be discussed below, Plaintiff's statement of the facts leaves out important parts of the State Court Judgment Entry, where it specifically deferred to the pending federal District Court litigation. Further, the argument that there is a legal requirement that a support obligation be "established pursuant to a separation agreement, divorce decree or property settlement or by any court of record" before the bankruptcy is filed does not appear to be required by the statute or existing case law.

---

4/ In *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the United States Supreme Court expressed its preference for usage of the terms "issue preclusion" and "claim preclusion" to refer to the preclusive effect of a judgment in foreclosing future litigation, rather than the more common terms of "collateral estoppel" and "res judicata."

5/ To the extent that Defendants present a "factual attack" on subject-matter jurisdiction, Defendants have not presented any competing facts, such as affidavits or other additional matter, raising a factual controversy that at least one of the Complaint's allegations is demonstrably untrue that would call into question this court's jurisdiction. *See, e.g.*, *Mata v. Eclipse Aerospace, Inc.* (*In re AE Liquidation, Inc.*), 435 B.R. 894, 903 (Bankr. D. Del. 2010)(a "factual attack" on jurisdiction may include an event that occurred after the filing of the complaint that renders the case moot); *Ogilvie v. Nationstar Mortg. LLC* (*In re Ogilvie*), 533 B.R. 460, 465 (Bankr. M.D. Pa. 2015)("In a factual attack, the face of the pleadings satisfy the jurisdictional requirements. However, at least one of the allegations is demonstrably untrue, negating the court's jurisdiction.").

C. Federal Court Jurisdiction.

Here, federal court jurisdiction starts with 8 U.S.C. § 1183a(e)(1), which states: "An action to enforce an affidavit of support ... may be brought against the sponsor in any appropriate court ... by a sponsored alien, with respect to financial support".

The Sixth Circuit has noted this statute's plain meaning:

> Section 1183a, however, clearly states that "[a]n action to enforce an affidavit of support ... may be brought against the sponsor in any appropriate court ... (1) by a sponsored alien, with respect to financial support; or (2) by the appropriate entity of the Federal [or State] Government ... with respect to reimbursement." 8 U.S.C. § 1183a(e).

*Davis v. U.S.*, 499 F.3d 590, 594 (6th Cir. 2007)(emphasis omitted); *see also*, §1183a(1)(C) (the affidavit is a contract in which: "the sponsor agrees to submit to the jurisdiction of any Federal or State court for the purpose of actions brought under subsection (b)(2)."); *Belevich v. Thomas*, 17 F.4th 1048, 1051 (11th Cir. 2021)(The statute also creates a federal cause of action so that "the sponsored alien, the Federal Government, [or] any State" may enforce a support affidavit against a sponsor."); *Wenfang Liu v. Mund*, 686 F.3d 418, 420 (7th Cir. 2012)("The Immigration and Nationality Act, 8 U.S.C. §1183a(e), authorizes suit "in any appropriate court ... by a sponsored alien" "to enforce an affidavit of support executed under" section 1183a(a); *Flores v. Flores*, 590 F. Supp. 3d 1373, 1379 (W.D. Wash. 2022) ("By signing the I-864 Affidavit of Support, Defendant submitted himself to the personal jurisdiction of any federal or state court in which an enforcement lawsuit is brought.").

Thus, the lawsuit pending in federal court arises under federal law, making the federal District Court an "appropriate court" in which to bring the suit. *Ibrhim v. Abdelhoq*, 2024 WL 3521842 at *2, 2024 U.S. Dist. LEXIS 130268 at **5-6 (N.D. Ohio July 24, 2024)("Section 1183a 'creates a federal cause of action so that 'the sponsored alien, the Federal Government, [or] any State' may enforce a support Affidavit against a sponsor.").

Defendant has asserted that the failure to appeal the state court Judgment Entry requires dismissal of this action. While the Motion to Dismiss does not specifically cite the *Rooker-Feldman* doctrine, that is the starting point for the court's analysis.

The "*Rooker-Feldman* doctrine provides that inferior federal courts lack jurisdiction to review the final judgments of state courts." *WLP Cap., Inc. v. Tolliver* (*In re Tolliver*), 2021 WL 6061853, at *9, 2021 Bankr. LEXIS 3463, at *24 (6th Cir. BAP Dec. 20, 2021)(quoting

8

*Hutcherson v. Lauderdale Cnty., Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003)); *see also*, *Davis v. U.S.*, 499 F.3d 590, 595 (6th Cir. 2007).

Since the *Rooker-Feldman* doctrine strips federal courts of jurisdiction, it should be considered first. *Hutcherson*, 326 F.3d at 755. Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction to hear cases that require them to review or set aside a state court judgment. *Tolliver,* 2021 WL 6061853, at *10, 2021 Bankr. LEXIS 3463, at **25-26 (citation omitted). The *Rooker-Feldman* doctrine, however, occupies "narrow ground". *See generally*, *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284-289, 125 S.Ct. 1517, 1522-1524, 161 L.Ed.2d 454 (2005). The doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 284, 125 S.Ct. 1517.

*Rooker-Feldman* "does not prevent [federal courts] from deciding an independent claim," *id.* (quoting *Sill v. Sweeney* (*In re Sweeney*), 276 B.R. 186, 195 (B.A.P. 6th Cir. 2002)), and "provides no protection in areas where Congress has explicitly endowed federal courts with jurisdiction." *Id.* (quoting *Hamilton v. Herr* (*In re Hamilton*), 540 F.3d 367, 372 (6th Cir. 2008)).

If the State Court judgment had actually determined a support obligation based upon the obligations imposed by the Affidavit of Support, the court would have to consider the split of authority that appears to exist on the application of *Rooker-Feldman* to Affidavits of Support in domestic relations cases. *Compare*, *Grabois v. Grabois*, 737 F. App'x 388 (9th Cir. Sept. 10, 2018); and *Ronchin v. Hoop*, 2021 WL 4902456 at *3, 2021 U.S. Dist. LEXIS 203134 at **4-7 (N.D. Ill. Oct. 21, 2021) *with*, *In re Schwartz*, 409 B.R. 240 (10th Cir. BAP 2008). But here, it does not appear that the Complaint seeks to vacate or nullify the State Court Judgment. Plaintiff was not a state court "loser" on the issue of the Affidavit of Support. Instead, the Family Court's Judgment Entry deferred to the District Court litigation, where the issues relating to the Affidavit of Support were already pending.

In addition to not meeting the "state court loser" element under *Exxon*, an additional requirement for the application of *res judicata* that is not met here. Specifically, *Exxon* limited *Rooker-Feldman* to "injuries caused by state-court judgments **rendered before the district court proceedings commenced** and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284, 125 S.Ct. at 1517 (emphasis added); *see also*, *In re Rugiero*, 502 F. App'x.

9

436, 438 (6th Cir. Oct. 10, 2012)(citing cases in the context of a §523(a)(5) action).

Taking the allegations and exhibits to the Complaint as true, the Family Court's Judgment Entry was not rendered before the District Court proceedings were commenced by Plaintiff. This is made clear by the specific reference to the pending District Court litigation in the Family Court's Judgment Entry. [Doc. #1, Exhibit 9, p. 9, ¶10]. Moreover, Defendant-Debtor appears to admit that the District Court action to enforce the Affidavit of Support was filed first: "during the separation, **but before the divorce trial**, Plaintiff Stewart initiated litigation in the Northern District of Ohio under a third-party liability theory to compel the Plaintiff to provide funds pursuant to the Affidavit." [Doc. #31, p. 2] (emphasis added).

Further, based on the pleadings attached to the Complaint, the state court Judgment Entry explicitly elected to defer to the pending District Court litigation on the issue of the support required to be paid under the Affidavit of Support. Thus, there is no need to "overturn" the Judgment Entry of divorce because it did not decide the issue of support under the Affidavit of Support – either for or against either of these litigants.

Nor does the case law support Defendant's position. In *Mao v. Bright*, 645 F. Supp. 3d 805 (S.D. Ohio 2022), the sponsored spouse waived spousal support in her state court divorce action. *Id.*, at 810 ("In the Final Judgment Entry and Decree of Legal Separation, Defendant and Plaintiff both waived any rights to 'spousal support, which either spouse may now have or ever acquire against the other.'"). However, the District Court held that: "Defendant's financial obligations as Plaintiff's immigration sponsor under federal law exist completely independent of any obligations to pay spousal support under state divorce laws." *Id.*, at 810-811 (citing, *Liu v. Mund*, 686 F.3d 418, 419-20 (7th Cir. 2012)("[t]he right of support conferred by federal law exists apart from whatever rights [a sponsored immigrant] might or might not have under [state] divorce law."); *see also*, *Ronchin v. Hoop*, 2021 WL 4902456 at \*\*2-3, 2021 U.S. Dist. LEXIS 203134 at \*\*4-7 (N.D. Ill. Oct. 21, 2021)(citing cases rejecting the defense of *res judicata* based upon a prior divorce action); *Cyrousi v. Kashyap*, 386 F. Supp. 1278, 1283 (C.D. Cal. 2019)(denying summary judgment for sponsor based on Marital Settlement Agreement).

The *Mao* decision cites the holding in *Erler v. Erler*, 824 F.3d 1173, 1176-1177 (9th Cir. 2016) that neither a divorce judgment nor a premarital agreement may terminate an obligation of support under the I-864. *See also*, *Belevich v. Thomas*, 17 F.4th 1048, 1052 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2754, 213 L.Ed.2d 998 (2022)("The I-864 affidavit, which both sponsors

executed, repeats [8 C.F.R. § 213a.2(e)(2)(i)'s] terminating events and expressly notes that divorce is not a terminating event."); *Forchielli v. Forchielli*, 2023 WL 7170650 at *1, 2023 U.S. Dist. LEXIS 202189 at *3 (E.D. Mich. June 16, 2023)(quoting *Belevich*, 17 F.4th at 1052.

For all of these reasons, the *Rooker-Feldman* doctrine, *res judicata* (claim preclusion), and collateral estoppel (issue preclusion) do not prevent this court from hearing the issues raised in the Complaint.

D. Failure To State a Claim.

Defendant's Motion also seeks dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Dismissal for failure to state a claim may be raised by moving for judgment on the pleadings under Rule 12(c) or at trial. Fed. R. Civ. P. 12(h)(2). Since the only difference between Rule 12(c) and Rule 12(b)(6) is the timing of the motion to dismiss, the "manner of review under Rule 12(c) is the same as a review under Rule 12(b)(6)." *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). *Accord Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020). Accordingly, the court will treat Defendant's Motion as one for judgment on the pleadings brought under Rule 12(c). *See, Sun Fed. Credit Union v. Montague* (*In re Montague*), 2021 WL 2816326, at *1, 2021 Bankr. LEXIS 1787, at *3 (Bankr. N.D. Ohio July 6, 2021)(Whipple, J.).

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021)(citation omitted). "But we 'need not accept as true legal conclusions or unwarranted factual inferences.'" *Id.* (citation omitted). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (citation omitted).

**II. Plaintiff's Claims.**

A. **Sections 523(a)(5) and 523(a)(15).**

The Complaint asserts that the Defendant's obligation under the Affidavit of Support "was owed *qua* his role as her [former] spouse and immigration sponsor," thereby satisfying the definition for "domestic support obligation" under 11 U.S.C. §101(14A)(A)(i) and rendering the debt nondischargeable under §523(a)(5). [Doc. #1, p. 14]. Alternatively, the Complaint asserts that the Defendant's debt to the Plaintiff "is another form of marital debt" falling under the

11

exception to discharge described in §523(a)(15). [*Id.*, p. 15].

As a general rule, "exceptions to discharge in §523(a) must be narrowly construed." *Bd. of Trs. v. Bucci* (*In re Bucci*), 493 F.3d 635, 642 (6th Cir. 2007)(citing *Meyers v. IRS* (*In re Meyers*), 196 F.3d 622, 624 (6th Cir. 1999)). However, other courts have held that Section 523(a)(5) and (a)(15), working in tandem, reflect a general purpose of encouraging the payment of familial obligations, "thus overriding the general policy of reading exceptions to discharge narrowly." 4 Collier on Bankruptcy, ¶523.05 at p. 523-21 & ¶523.23 at p. 523-131 n.1b (16th ed. 2024).

"In any §523(a) analysis, the creditor bears the burden of proving by a preponderance of the evidence that a debt is excepted from discharge." *Conti v. Arrowood Indem. Co.* (*In re Conti*), 982 F.3d 445, 448 (6th Cir. 2020), *cert. denied sub nom. Conti v. Arrowood Indem. Co.*, 141 S.Ct. 2862, 210 L.Ed.2d 965 (2021)(alterations omitted)(internal quotation marks omitted)(citation omitted).

Section 523(a)(5) excepts from discharge any debt "(5) for a domestic support obligation".

The term "domestic support obligation" is defined in §101(14A), which states:

(14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is–

> (A) owed to or recoverable by –
>
>> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
>
>> (i) a separation agreement, divorce decree, or property settlement

>  agreement;
>  (ii) an order of a court of record; or
>  (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
>  (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting debt.

11 U.S.C. §101(14A).

Separately, §523(a)(15) renders nondischargeable any debt:

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a government unit ...

11 U.S.C. §523(a)(15).

In this case, the Defendant argues in its Motion that to be non-dischargeable, any obligation "must be established by reason of a divorce decree. The Divorce Decree (See Exhibit B) specifically states that there shall be no spousal support obligation . . . . There is no DSO by specific order of a State Court which considered and decided the issue." [Doc. #31].

In this asserted basis for dismissal of the Complaint, the Defendant does not dispute the existence (or at least the prior obligation) owed under Form I-864. Instead, he asserts that this debt does not qualify as a nondischargeable domestic support obligation because "there is no DSO by specific order of a State Court".

Although this issue has not previously been litigated in this court, Judge Jennemann held, on summary judgment, that an "Affidavit of Support is a Non–Dischargeable Domestic Support Obligation under 11 U.S.C. § 523(a)(5)." *See, Hrachova v. Cook (In re Cook)*, 473 B.R. 468, 473 (Bankr. M.D. Fla. 2012). In a separate case, the same judge stated: "To allow defendant now to discharge these obligations would contravene the purpose of §523 of subordinating a debtor's fresh start to the more compelling interest of requiring debtors to pay all legitimate domestic support obligations." *In re Ortiz*, 2012 WL 5556935 at *3, 2012 Bankr. LEXIS 5324 at *8 (Bankr. M.D.

Fla. Oct. 31, 2012).

As to the specific arguments raised by Defendant-Debtor, the statutory language must be the starting point. There is no requirement that any pre-petition domestic support order be entered for a debt to be held nondischargeable under §523(a)(5). The statute makes nondischargeable - as a domestic support obligation - "a debt that accrues before, on, or after the date" of the bankruptcy. §101(14A). Moreover, the statutory definition includes debts: "established or subject to establishment before, on, or after the date of the order for relief in a case under this title, . . . ." §101(14A)(C). Thus, the statute does not support any requirement that a judicial determination must be made regarding the existence of the debt, or the amount, before the filing of the bankruptcy case.

Further, while most debts litigated under §523(a)(5) are divorce related debts and look to state court determinations, the statutory language is not limited to such cases. For example, Section 523(a)(5) includes the word "support" - and "support" appears to be the very purpose behind requirement that a sponsor sign the form I-864 Affidavit of Support. As an Ohio District Court stated in *Nasir v. Shah*:

> Under 8 U.S.C. §1183a, immigrants who are likely to become a public charge are ineligible for admission into the United States unless their applications for admission are accompanied by an Affidavit of Support Form I–864. A person petitioning for the admission of a family-sponsored immigrant must sign a Form I–864 affidavit, which is a legally enforceable contract between the sponsor and the sponsored immigrant. By signing the affidavit, the sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable. 8 U.S.C. § 1183a(a)(1)(A).

*Nasir v. Shah*, 2013 WL 3085208 at *2, 2013 U.S. Dist. LEXIS 85285 at *6 (S.D. Ohio June 18, 2013).

In the same vein, there is no statutory requirement that the support obligation be imposed by a state domestic relations court. The definitional provision includes debts that are "established or subject to establishment . . . by reason of applicable provisions of – . . . (ii) an order of a court of record; . . . ." §101(14A)(C). The United State District Court is a "court of record" and the action for enforcement of the Affidavit of Support is pending there, subject to "establishment" if Plaintiff prevails. Similarly, the legislation implementing the new Bankruptcy Code specifically

14

stated that bankruptcy courts would be "courts of record". 28 U.S.C. §151(a)(1976 ed., Supp. IV); 1 Collier on Bankruptcy, ⁋2.01[2] at p. 2-3 (16th ed. 2024)("Section 201 of the Bankruptcy Reform Act of 1978 established in each judicial district a new court of record, to be called the United States Bankruptcy Court.")(footnote omitted).

While the Complaint appears to state a claim under 11 U.S.C. Section 523(a)(5) – and this decision so holds – if a debt is found non-dischargeable under §523(a)(5) that means that the obligation is not nondischargeable under Section 523(a)(15). This is because the definition of a debt that is non-dischargeable under §523(a)(15) excludes debts that are nondischargeable under §523(a)(5). *See*, 11 U.S.C. §523(a)(15) ("and not of the kind described in paragraph (5)"); *In re Taylor*, 737 F.3d 670, 675 (10th Cir. 2013)("§523(a)(15) will apply to a debt only if that debt does not qualify as a 'domestic support obligation' under § 523(a)(5) . . ."); *In re Zaepfel*, 665 B.R. 58, 62 (Bankr. W.D. Ky. 2024)(to establish a nondischargeable debt under §523(a)(15) creditor must establish that "(2) the debt is not a support obligation of the type described in § 523(a)(5); . . ."); 4 Collier on Bankruptcy, ⁋523.23 at p. 523-132 (16th ed. 2025)("In their joint operation, §523(a)(15) begins after §523(a)(5) operates;. . ." *citing*, *Lakeman v. Weed (In re Weed)*, 479 B.R. 533, 538 (Bankr. D. Minn. 2012).[6]

Accordingly, in moving forward, focusing on a determination of the dischargeability of this obligation under §523(a)(5) would appear to be a more economical way to proceed.

## CONCLUSION

For these reasons, the court finds that the Family Court's decision to essentially give comity to the U.S. District Court where the issue was first raised - leaving the issue of spousal support for the federal court to decide – is not, as a matter of law under a Rule 12(b) Motion to Dismiss, a decision that prevents Plaintiff from seeking to enforce Defendant's financial obligations under the I-864 Affidavit of Support as a DSO.

Accordingly, because the Complaint pleads factual allegations that, taken as true, state a

---

6/ There are other difficult questions regarding the application of Section 523(a)(15) to Affidavits of Support. Rather than being "incurred" in the course of a divorce related proceeding, or potentially "incurred" in some future decision of a court of record – the case law reflects that the obligation under the Affidavit of Support is fixed earlier under federal law. *See e.g.*, *Ibrhim v. Abdelhoq*, 2024 WL 3521842 at *4, 2024 U.S. Dist. LEXIS 130268 at * (N.D. Ohio Nov. 7, 2024)("Thus, the only condition precedent that triggers a sponsor's obligation [under an affidavit of support] to provide support is the granting of the sponsored immigrant's application for admission or adjustment of status.")(*citing* 8 C.F.R. § 213a.2(e)(1)). Because Section 523(a)(15) does not apply because a claim is stated under Section 523(a)(5), the leave further consideration of the issue for consideration if Section 523(a)(5) is held to be inapplicable to the obligations arising under the Affidavit of Support.

plausible cause of action under §523(a)(5), the Motion to Dismiss is denied. *See, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This matter will be set for further pre-trial on how to proceed regarding the issue of non-dischargeability and, if the debt is non-dischargeable, which court (this court or the United States District Court) should decide the amount (if any) to be awarded by judgment.

###